Original

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

DAVID MORRIS,

    Plaintiff,

vs.    CASE NO.: 8:07cv845-T27TBM

PARADISE OF PORT RICHEY,
INC.; PARADISE HOLDINGS OF
PORT RICHEY, INC., and the
M/V ROYAL CASINO 1, in rem;

    Defendants.    __Request for Trial by Jury__
_____/

### VERIFIED COMPLAINT

### PREPAYMENT OF COSTS WAIVED UNDER 28 U.S.C. § 1916

Plaintiff, DAVID MORRIS, by and through his undersigned attorneys, sues the Defendants, PARADISE OF PORT RICHEY, INC.; PARADISE HOLDINGS OF PORT RICHEY, INC., and the M/V ROYAL CASINO 1, in rem, and alleges the following:

### PARTIES

1. The Plaintiff, David Morris, herein referred to as either Mr. Morris or as the Plaintiff, is a British citizen working in the United States as a permanent resident holding a "green card" issued by the United States Immigration and Naturalization Service.

2. Mr. Morris is a resident and domiciliary of Pinellas County, Florida.

3. The Defendants, Paradise of Port Richey, Inc., and Paradise Holdings of Port Richey, Inc., are Florida for profit corporations with their respective corporate headquarters located in Port



Richey, Florida.

4. The Defendants, Paradise of Port Richey, Inc., and Paradise Holdings of Port Richey, Inc. are the owners of the vessel, the M/V Royal Casino 1.

5. At all times relevant herein, the vessel, the M/V Royal Casino 1 has been used by the Defendants as a casino boat operating out of Port Richey and in the Gulf of Mexico.

## JURISDICTION

6. Mr. Morris is a seaman within the meaning of the maritime laws of the United States.

7. This action is an admiralty and maritime dispute within the meaning of the Admiralty Clause of the United States Constitution, Rule 9(h) of the Federal Rules of Civil Procedure, Title 28 U.S.C. § 1331(1), and 46 U.S.C. § 688, the Jones Act.

8. The value of this case exceeds $75,000.00 exclusive of attorney fees and costs.

## GENERAL ALLEGATIONS

9. The injury to Mr. Morris occurred on March 19, 2005, at approximately 5:00 p.m. in the Gulf of Mexico, approximately nine (9) miles from the Florida coastline, where he was employed as an able seaman and deck hand aboard the vessel, the M/V Horizon's Edge.

10. At the time of injury, the vessel, the M/V Horizon's Edge, was owned and operated by the Mardi Gras Queen Casino Company.

11. At the time of injury, the M/V Horizon's Edge was loading passengers from a shuttle boat which had transported passengers from the sponge docks at Tarpon Springs, Florida to a location at sea in the Gulf of Mexico known by seamen as "the peanut", a shallow point, and a location customarily used by casino boats to take on and discharge passengers taken out to the casino boat by a shuttle vessel.

12. At the time of injury, the M/V Horizon's Edge was embarking passengers from the shuttle vessel using its gangway which had been attached to the shuttle vessel.

13. The gangway of the Horizon's Edge was about twelve (12) feet long and three (3) feet wide.

14. The gangway was tied to the shuttle vessel, and had wheels in contact with the deck of the Horizon's Edge, which allowed the gangway to move to compensate for wave action.

15. At the time of injury, the Plaintiff was assigned the responsibility of standing on the deck of the vessel, the M/V Horizon's Edge, at the point on the deck where the wheels of the gangway touched the deck, and was responsible for assisting passengers boarding the vessel.

16. The sea conditions at the time were calm.

17. The M/V Horizon's Edge and the shuttle vessel unloading passengers were about two feet apart at the time of injury, tied together by three lines.

18. During the period of time in which the passenger loading was occurring, the vessel, the M/V Royal Casino 1 passed at a high rate of speed within approximately 500 feet of the M/V Horizon's Edge, and the shuttle vessel attached to it by lines, generating a wake of approximately two feet which struck the M/V Horizon's Edge and the shuttle vessel, and which substantially damaged the gangway strung between the two vessels.

19. The course and position of the M/V Royal Casino 1 passing at a high rate of speed, approximately 18 knots, within approximately 500 feet of the M/V Horizon's Edge, and the conjoined shuttle vessel, unreasonably increased the risk of injury of persons aboard the M/V Horizon's Edge and was in derogation of the Rules of the Nautical Road.

20. The wake generated by the M/V Royal Casino 1 caused the gangway to shift abruptly and to strike the Plaintiff one inch above his kneecaps causing severe muscle damage and great

pain to the Plaintiff.

21. After being struck by the gangway, the Plaintiff lay face down on the deck of the M/V Horizon's Edge screaming in great pain.

22. The crewmembers of the M/V Horizon's Edge lifted the injured Plaintiff from the deck onto a chair and transferred him to the shuttle vessel which took him to the sponge docks at Tarpon Springs where an ambulance awaited to take him to the hospital.

23. The M/V Horizon's Edge followed immediately and docked in Tarpon Springs needing repairs to its gangway.

24. After five months of medical treatment by an orthopedic physician and physical therapy, the Plaintiff was released to return to work on or after August 2005.

## COUNT I: JONES ACT NEGLIGENCE

25. Plaintiff realleges and incorporates averments 1 through 24 in this count.

26. This count alleges Jones Act negligence, and is brought against Defendants Paradise of Port Richey, Inc. and Paradise Holdings of Port Richey, Inc.

27. At all relevant times herein, the Plaintiff, was a seafarer within the purview of 46 U.S.C. § 688, the Jones Act.

28. At all relevant times herein, the Plaintiff, was employed by the vessel, the M/V Horizon's Edge as an able bodied seaman and deck hand.

29. At all times relevant herein, prior to the injuries sustained aboard the vessel, the Plaintiff was an able-bodied seafarer serving aboard the vessel, the M/V Horizon's Edge.

30. At all times relevant herein, the vessel, the M/V Royal Casino 1, was operated by and through its officers, supervisors and agents, each of whom maintained and controlled the

4

vessel, including but not limited to its attendant gear, tackle and appliances.

31. At all times relevant herein, the vessel, the M/V Royal Casino 1, was utilized by the Defendants for commercial purposes as a gambling vessel operating on the navigable waters of the Gulf of Mexico.

32. Pursuant to the provisions of 46 U.S.C. § 688, the Jones Act, the vessel, the M/V Royal Casino 1, must be operated and maintained with reasonable care to provide a safe working environment for persons employed by vessels within the immediate vicinity of the M/V Royal Casino 1.

33. On March 19, 2005, at approximately 5:00 p.m. the vessel, the M/V Royal Casino 1, was operated negligently by its master and officers who caused it to sail at a high rate of speed, approximately 18 knots, within the immediate vicinity of the M/V Horizon's Edge at a time when the M/V Horizon's Edge was located at a situs where casino vessels customarily load and unload passengers, creating a large wake which rocked the M/V Horizon's Edge and its adjacent shuttle causing the gangway between the two vessels to shift, striking and injuring the Plaintiff.

34. The Plaintiff sustained serious injuries in the course of his employment while seeking to comply with orders from the master of the Horizon's Edge to stand at the end of the gangway and to assist passengers embarking aboard the Horizon's Edge.

35. The Defendants acting by and through their owners, supervisors and agents, breached their statutory duty under 46 U.S.C. § 688, The Jones Act, to exercise reasonable care to operate the vessel, the Royal Casino 1, in such a manner and by such means as would minimize the risk of injury aboard adjacent vessels, the M/V Horizon's Edge and its shuttle.

5

36. As a direct and proximate result of its breach of its statutory duty under 46 U.S.C. § 688, the Jones Act, Plaintiff has suffered damages due to his injuries for medical expenses, temporary disability, loss of wages, pain and suffering, and loss of enjoyment of life.

37. The passage of the M/V Royal Casino 1 at a high rate of speed within five hundred (500) feet of the M/V Horizon's Edge and its shuttle during the transfer of passengers between the two vessels was an intentional act of misfeasance and gross misconduct proximately resulting in the injury to the Plaintiff, for which the Plaintiff seeks his reasonable attorney fees and costs.

38. On or since December 5, 2005, Mr. Morris, by and through his attorneys and representatives, demanded that the Defendants pay maintenance and cure to Mr. Morris.

39. On or since December 5, 2005, the Defendants in this case failed to provide maintenance and cure to Mr. Morris since his injuries of March 19, 2005.

40. The instant Complaint demands again that the Defendants compensate the Plaintiff fully and completely for his maintenance and cure from the time of his injury on March 19, 2005, until he was able to return to work as a seafarer in August 2005.

41. The Defendants in this case have failed and refused to pay wages to the Plaintiff from the date of injury, March 19, 2005, until the Plaintiff reached maximum medical cure in August 2005, causing the Plaintiff financial hardship and additional pain and suffering for which he seeks compensation.

42. The Plaintiff lost wages, and was not paid maintenance and cure by the Defendants due to intentional misconduct and gross misfeasance of the Defendants for which Mr. Morris seeks his attorney fees and costs.

WHEREFORE, Plaintiff, David Morris, demands from the Defendants, Paradise of Port Richey, Inc. and Paradise Holdings of Port Richey, Inc., jointly or severally, the following relief pursuant to the provisions of the Jones Act, 46 U.S.C. § 688:

    a.    Compensatory damages for:

        (1) past, present, and future medical expenses including physical therapy;

        (2) temporary disability;

        (3) pain and suffering;

        (4) loss of enjoyment of life;

        (5) causation of financial hardship; and

        (6) loss of wages;

    b.    Attorney fees and costs of Suit;

    c.    Pre-judgment and post-judgment interest; and

    d.    Trial by jury as to all issues.

## COUNT II: MAINTENANCE AND CURE

43.    Plaintiff realleges and incorporates averments 1 through 24 in this count.

44.    Count II is brought against all three named Defendants, the vessel, the M/V Royal Casino 1, in rem, Paradise of Port Richey, Inc., and Paradise Holdings of Port Richey, Inc., jointly or severally.

45.    Until March 19, 2005, the date of injury, the Plaintiff was an able bodied seafarer.

46.    On March 19, 2005, the Plaintiff sustained severe muscle damage and great pain when struck by the gangway above his knees while in the service of the M/V Horizon's Edge.

47.    The vessel, the M/V Royal Casino 1, and its owners, agents and supervisors, including

Defendants Paradise of Port Richey, Inc., and Paradise Holdings of Port Richey, Inc., are obligated to provide to the Plaintiff maintenance and cure and lost wages during the period of his disability and until he reaches maximum medical cure.

48. On or since December 5, 2005, Mr. Morris, by and through his attorneys and representatives, demanded that the Defendants pay maintenance and cure to Mr. Morris.

49. On or since December 5, 2005, the Defendants in this case, the vessel and its owners, agents and supervisors, failed to provide any medical benefits to the Plaintiff since his injuries of March 19, 2005.

50. The instant Complaint demands again that the Defendants, the vessel, the M/V Royal Casino 1, in rem, Paradise of Port Richey, Inc., and Paradise Holdings of Port Richey, Inc. compensate the Plaintiff fully and completely for his maintenance and cure from the time of his injury on March 19, 2005, until he was able to return to work as a seafarer in August 2005.

51. Absent the injuries sustained by the Plaintiff, he would have been employed continuously aboard the vessel, the M/V Horizon's Edge in the period March 19, 2005, through August 2005.

52. The vessel and its owners, agents and supervisors have not paid to the Plaintiff wages lost by the Plaintiff in the period March 19, 2005, the date of injury, through August 2005, when he was able to return to work as a seafarer, as required by the general maritime law.

53. The instant Complaint is a demand that the Defendants pay wages to the Plaintiff in the amount he would have earned aboard the M/V Horizon's Edge in the period March 19, 2005, through August 2005, following which the Plaintiff returned to work as a seafarer.

54. The failure and refusal of the vessel and its owners, agents and supervisor to pay wages to the Plaintiff from the date of injury, March 19, 2005, until the Plaintiff reached maximum medical cure in August 2005, caused the Plaintiff financial hardship and additional pain and suffering for which he seeks compensation.

55. The Plaintiff lost wages, and was not paid maintenance and cure by the Defendants due to intentional misconduct and gross misfeasance of the Defendants for which Mr. Morris seeks his attorney fees and costs

WHEREFORE, the Plaintiff, David Morris, demands the following relief pursuant to the General Maritime Law from the Defendants, the vessel, the M/V Royal Casino 1, in rem, and/or Paradise of Port Richey, Inc. and Paradise Holdings of Port Richey, Inc, jointly or severally:

   a. The past, present, and future medical expenses incurred by the Plaintiff in the period March 19, 2005 through August 2005, when the Plaintiff reached maximum medical cure and was released to return to employment as a seafarer;

   c. Lost wages from March 19, 2005, through August 2005;

   d. Compensatory damages including damages for temporary disability, pain and suffering, loss of enjoyment of life, causation of financial hardship, and loss of wages;

   e. Pre-judgment interest and post-judgment interest;

   f. Attorney fees and costs of suit; and

   g. Trial by jury as to all issues.

## VERIFICATION

I HEREBY CERTIFY AND VERIFY under oath on this the 15th day of May, 2007, before

a person licensed in the State of Florida to accept affirmations, showing my driver's license as identification, that I have read this Complaint in its entirety, and that the facts set forth in numbered averments 1 - 2, 8 - 24, 28 - 29, 33 - 34, 37 - 42, and 45 - 55 are true and correct

David Morris

NOTARY Nelia Soriano.

My Commission Expires: 12/15/09

NELIA SORIANO
MY COMMISSION # DD 499693
EXPIRES: December 15, 2009
Bonded Thru Budget Notary Services

Respectfully submitted,

Nicholas E. Karatinos, Esq.
Florida Bar No. 109742
3924 Central Avenue
St. Petersburg, Florida 33711
(727) 328-1650
(727) 328-1608 FAX
Karatinos@verizon.net

10